UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL ESPINOSA, | No. 2:14-cv-2881-KJM-GGH PS |
| Plaintiffs, | |
| v. | ORDER |
| STATE OF CALIFORNIA; DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF CALIFORNIA; FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA; and PARTIES UNKNOWN, | |
| Defendants. | |

On December 10, 2014, Darrel Espinosa, plaintiff pro se, filed a civil rights complaint and an ex parte application for a temporary restraining order. ECF Nos. 1, 3. Mr. Espinosa seeks an order enjoining the defendants from taking any further actions to enforce the "Demand for Payment – Vehicle Registration Collections" procedure initiated against a 1999 Ford Crown Victoria, vehicle identification number 2FAFP71W1XX226857. Mot. TRO 1, ECF No. 3.

The Local Rules of the Eastern District of California impose certain requirements on every person who applies for a temporary restraining order:

1

> No hearing on a temporary restraining order will normally be set unless the following documents are provided to the Court and, unless impossible under the circumstances, to the affected parties or their counsel:
>
> (1) a complaint;
>
> (2) a motion for temporary restraining order;
>
> (3) a brief on all relevant legal issues presented by the motion;
>
> (4) an affidavit in support of the existence of an irreparable injury;
>
> (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given, . . . ;
>
> (6) a proposed temporary restraining order with a provision for a bond . . . ;
>
> (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance . . . ; and
>
> (8) in all instances in which a temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.

E.D. Cal. L.R. 231(c). Mr. Espinosa has not strictly complied with these rules. He has not filed the documents described in Local Rule 231(c)(4), (5), (6) and (7) and has not complied with Rule 231(c)(8). Nevertheless, Mr. Espinosa includes most of the information required by the Rule and is a pro se litigant; the court evaluates his application despite its shortcomings in the interest of efficiency and justice. *Cf., e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (describing leniency courts should exercise when evaluating the civil rights complaints of pro se litigants).

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In

determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). A party must show the threatened injury is both likely and immediate. *Winter*, 555 U.S. at 22 (stating that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction" (emphasis in original)); *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").

       Here, Mr. Espinosa has not shown any immediacy. Mr. Espinosa disputes the legality of vehicle registration fees imposed on him by the California Department of Motor Vehicles, by virtue of his co-ownership of a vehicle. Compl. ¶¶ 11-14, ECF No. 1. The registration fee in the amount of $85.00 is past due, and he owes penalties of $64.00, according to a notice dated November 17, 2014. *Id.* Ex. 2, at 1. Plaintiff requests the court enjoin the defendants from disclosing his personal information to third parties who might engage in collection practices. Mot. TRO at 1–2. The collections notice states these third parties may take action if the plaintiff does not make a payment within ten days of November 17, 2014, including garnishing his wages, levying his bank account, seizing and selling real or personal property, filing and attaching liens, or attaching his California state income tax refund or lottery winnings. *Id.* Ex. 2 at 1, 2. However, Mr. Espinosa does not describe any particular action that will be taken by a certain date and does not show any action is likely or who would take such action. Nor will disclosure of information on file with the DMV about him without payment of license fees, if indeed any such fees are due, create an irreparable harm. Should plaintiff's claims be resolved in his favor, any interim economic gain the defendants enjoy can be returned to him. *See Lydo*

1  *Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("Purely monetary
2  injuries are not normally considered irreparable."); *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d
3  935, 938 (9th Cir. 1987) ("Temporary economic loss alone generally is not a basis for injunctive
4  relief."). Although plaintiff also appears to assert a constitutional privacy right, his allegations
5  are too vague to support an order granting temporary injunctive relief. *See Mazurek v.*
6  *Armstrong*, 520 U.S. 968, 972 (1997) (noting injunctive relief is an extraordinary remedy which
7  may only be awarded upon a clear showing that a plaintiff is entitled to such relief, and the clear
8  showing requirement is especially strong when a plaintiff seeks a TRO).

9  Therefore, the court DENIES the plaintiff's motion without prejudice. Any further
10 ex parte application for a temporary restraining order must comply in full with Local Rule 231.

11 IT IS SO ORDERED.

12 DATED: December 11, 2014.

_____
UNITED STATES DISTRICT JUDGE