UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL ESPINOSA,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA; DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF CALIFORNIA; FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA; and PARTIES UNKNOWN,<br><br>    Defendants. | No.  2:14-cv-2881-KJM-GGH PS<br><br>ORDER |

On December 29, 2014, plaintiff Darrel Espinosa, pro se, filed a motion for reconsideration of this court's December 11, 2014 order, denying plaintiff's motion for temporary restraining order.  (ECF No. 5.)  Plaintiff argues that in denying plaintiff's motion, this court "misunderstood the grounds for [his] claim of irreparable harm."  (*Id.* at 1.)  After careful consideration, as explained below, the court DENIES plaintiff's motion for reconsideration.

District courts have wide discretion to consider and vacate a prior order.  *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

1

committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted & alteration in original). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . of that which was already considered by the [c]ourt in rendering its decision." *Le v. Sandor*, No. 14-01464, 2014 WL 5305894, at *1 (E.D. Cal. Oct. 15, 2014) (internal quotation marks omitted). A party filing a motion for reconsideration should not ask the court "to rethink what the Court has already thought through" simply because of a disagreement with the result of that thought process. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). In addition, in this district, a motion for reconsideration is governed by Local Rule 230(j), which requires a party to set forth, among other things, "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3).

Here, because plaintiff does not present this court with new evidence, does not show this court committed clear error, and does not indicate a change in controlling law, plaintiff has not met any of the grounds for a motion for reconsideration. Specifically, in its December 11, 2014 order, as to plaintiff's challenge of vehicle registration fees imposed on him by the California Department of Motor Vehicles, this court found plaintiff did not show any immediacy for a temporary restraining order to issue. (ECF No. 4 at 3.) As to plaintiff's allegations of constitutional rights violations, the court found the allegations too vague to support the issuance of a temporary restraining order. (*Id.* at 4.)

In his motion for reconsideration, plaintiff now claims he "does not seek to enjoin . . . defendants from taking a lawful action to secure [the fees] . . . ." (ECF No. 5 at 4.) Rather, plaintiff frames his request vaguely as seeking "to enjoin the 'arbitrary' exercise of 'power' by . . . defendants." (*Id.*) As before, that request is too vague to support the issuance of a temporary restraining order. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (noting injunctive relief is an extraordinary remedy which may only be awarded upon a clear showing that a plaintiff is entitled to such relief, and the clear showing requirement is especially strong when a plaintiff

1  seeks a temporary restraining order).  Because a motion for reconsideration cannot be granted
2  merely because plaintiff disagrees with the court's prior order, *Dunsmore v. Paramo*, No. 14-
3  0508, 2014 WL 2197110, at *2 (S.D. Cal. May 27, 2014), the court DENIES plaintiff's motion
4  for reconsideration.

        IT IS SO ORDERED.

DATED: December 30, 2014.

_____
UNITED STATES DISTRICT JUDGE